## Nathan Lerch *et al.* *versus* Barbara Snyder.

1. Judicial notice will be taken of the official character and the official acts of the Collector of Internal Revenue and his deputy.

2. When it appears that parties through whose mistake or omission an instrument has not been properly stamped, when it should have been done, have paid the full price of the stamp, together with the penalty, and have produced the Collector's receipt therefor, the instrument will be received in evidence, though the Collector, whose duty it is to do so, has not affixed a stamp and cancelled the same.

3. The Supreme Court will not reverse a judgment or decree, unless manifest error has intervened to the prejudice of the party or parties complaining. A judgment *de terris* will not therefore be reversed for error, in admitting in evidence an unstamped deed for said land which is in the line of the title of the plaintiff in error.

February 18th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

ERROR to the Court of Common Pleas of *Lehigh county:* Of January Term 1886, No. 266.

Assumpsit by Barbara Snyder against Nathan Lerch and wife, Reuben Lerch, trustee of Catharine Lerch, and Leonard Frommer. The defendant pleaded non-assumpsit, payment with leave, former recovery and statute of limitations.

The following facts appeared on the trial of the case before ALBRIGHT, P. J.:

Henry Snyder died some time during the year 1865, leaving to survive him a widow, Barbara Snyder and five children, Richard Snyder, Hetty Walter, Sarah E. Heckman, Abysinia Stofflet and Nathan Snyder, seized of a farm situate partly in Hanover township, Northampton county, and partly in Hanover township, Lehigh county, Pa., containing 59 acres and 123¾ perches. On April 2d, 1866, said widow and children by deed duly recorded, conveyed said farm to Nathan Snyder in fee for the consideration of $9,000. Six thousand dollars of said consideration was paid in cash to the grantors, and the balance of the consideration being $3,000 remained by said deed a charge on the farm, in the nature of a dower in favor of Barbara Snyder, widow of Henry Snyder, deceased, on which the interest was payable to the widow during life, and after her death the principal sum of $3,000 was payable to the legal heirs and representatives of Henry Snyder, deceased.

The charge on the farm in the deed in favor of the widow is expressed in the following language: "Excepting nevertheless that he holds the same subject to the payment of the said dower of three thousand dollars to the heirs and legal repre-

2 AMERMAN—11

[Lerch *v.* Snyder.]

sentatives of the said Henry Snyder immediately after the death of the said widow, Barbara Snyder, and the interest thereof annually on the first of April during her natural life, being one hundred and eighty dollars annually," . . . . . "excepting their interest attaching to the widow's dower."

At the time the deed was given, a bond and mortgage was executed by Nathan Snyder in favor of Barbara Snyder for the securing of the widow's dower of $3,000, mentioned in said deed, and represented the same charge of $3,000 contained in the aforementioned deed. To the deed there was affixed a six dollar United States revenue stamp, and to the mortgage a three dollar United States revenue stamp.

The deed above named was recorded only in Northampton county. The part of said farm located in Northampton county contains 49 acres and 123¾ perches, and was sold by the sheriff of said county as the property of Nathan Snyder, in 1875, to Leonard Frommer. The part located in Lehigh county contains about ten acres, and was sold by the sheriff of Lehigh county, on October 4th, 1875, as the property of Nathan Snyder to Nathan Lerch, and the said Nathan Lerch, by deed dated April 1st, 1879, granted the same to Reuben Lerch in trust for Catharine Lerch.

The total interest accruing annually on said dower was $180. Leonard Frommer annually paid $150 interest to Barbara Snyder on said dower. At no time did Nathan Lerch or his vendee pay interest on the dower to Barbara Snyder. Annually there was a deficiency of $30 in the payment of the dower interest accruing in favor of said widow. To recover the arrearages of dower interest suit was brought against the defendants. Upon a former trial a nonsuit was entered against Barbara Snyder, for the reason that the deed which contained the dower charge was insufficiently stamped, and thus could not be used in evidence; a writ of error was taken, and the rulings of the court below were sustained: Snyder *v.* Lerch, 42 Leg. Int., 345. On June 23d, A. D. 1885, the deed was taken before the United States Revenue Collector at Philadelphia to have affixed thereto the proper and legal stamp. The Collector, through his deputy, received three dollars for the costs of the stamp, lacking on the deed, penalty six dollars, and indorsed on the back of the deed the following:

"Received, Philadelphia, June 23d, 1885, of M. C. Cline, attorney for the heirs of Nathan Snyder and Barbara Snyder, the sum of three dollars to cover the value of stamp omitted from the deed, and the further sum of six dollars as penalty incurred under section 3422 R. S.

JOHN F. CLINE,
($9.00.) Deputy Collector, 1st Dist. Penna.

\*\*\*\*\*\*\*\*\*\*
\* WM. J. POLLOCK, \*
\* Collector Int. Rev., \*
\* 1st Dist., Penna. \*
\*\*\*\*\*\*\*\*\*\*

A new suit was instituted against the plaintiffs in error to recover the arrearages of dower interest due. On the trial of which the plaintiffs offered in evidence deed dated April 2d, 1866, from Barbara Snyder, Richard Snyder, Eliza Snyder, Andrew Walter and E. Walter, William Heckman, Sarah E. Heckman, Jacob Stofflet and Abysinia Stofflet to Nathan Snyder.

Objected to by defendant, 1st. Because the deed is not properly stamped, as the consideration stated in the deed is $9,000 —$6,000 to be paid presently, and $3,000 to be paid after the death of the widow, whilst the deed itself contains revenue stamps for $6, and is therefore improperly stamped under the Act of Congress. 2d. Because the stamps therein are not cancelled in manner and form provided by the Act of Congress. 3d. Because of certain interlineations and erasures in the acknowledgment thereto, viz: the erasure of the word "Northampton," and the interlineation "Lehigh," and the interlineation "1866" are not explained. 4th. Because there is indorsed upon the back of the deed under date of June 23d, 1885, a receipt signed John F. Kline, deputy collector, 1st District of Pennsylvania, which is not explained, and no authority shown in the said John F. Kline to give what purports to be a receipt, and because the receipt as given does not remove the incomplete stamping of the instrument, and it is invalid, and does not entitle it to be received in evidence. 5th. As incompetent and irrelevant.

Defendants further object that the signature to the receipt purporting to be that of John F. Kline, and the seal purporting to be the seal of the United States Revenue Collector for the First District of Pennsylvania, are not of such import in law as to entitle the instrument to be read in evidence without proof that the person purporting to be a deputy collector is a deputy collector of Internal Revenue, and as such is entitled to give a receipt as thereon indorsed. Objection overruled; exception taken and bill sealed for defendants. (First assignment of error.)

The defendant presented, *inter alia*, the following point:

It having been shown that Frommer paid to the plaintiff $150 annually to April 1st, 1885, as interest in full on the charge contained in the deed so far as the tract owned by him in Northampton county is concerned, and that a receipt in full was given for the same; the plaintiff cannot split up her claims of interest and recover for the two tracts separately at an arbitrary sum per acre. For this reason there can be no recovery in the case. Ans. Negatived. (Second assignment of error.)

The court in the general charge instructed the jury *inter*

[Lerch *v.* Snyder.]

*alia :* " The court can discover no questions for the jury except
to ascertain the amount due. . . . . . The plaintiff is also
entitled to interest on each installment of $30 as it fell due
until this date." (Third assignment of error.)

Verdict for the plaintiff. The court, of its own motion,
entered a rule for a new trial. This was discharged and the
following order made :

The rule for a new trial is discharged, and upon payment of
the jury fee it is ordered that judgment *de terris* be entered
upon the verdict against the real estate referred to in the plain-
tiffs' declaration held by Reuben H. Lerch, trustee for Catha-
rine Lerch, the wife of Nathan Lerch, that is : All that certain
tract or piece of land situate in Hanover township, Lehigh
county, bounded on the east by a public road leading from
Bethlehem to Shoenersville, on the north by land of Joseph
Dewald, on the south by land of Reuben Patterson, now An-
drew Weil, and on the west by land of Joseph Dewald, con-
taining ten acres, more or less.

The verdict and judgment as to said Reuben H. Lerch, Na-
than and Catharine Lerch, not to affect them personally; as to
said Leonard Frommer the verdict is stricken from the judg-
ment or lien docket.

Judgment was accordingly entered ; whereupon the defend-
ants, except Leonard Frommer, took this writ, assigning for
error the admission of the plaintiffs' evidence as above indi-
cated, the answer of the court to their point, and so much of
the general charge as is above set out.

*Edward Harvey, (James B. Deshler,* with him,) for plaintiffs
in error.—1. In this state unstamped instruments, falling within
the provisions of the Acts of Congress, are disqualified as mat-
ters of evidence : Turnpike Co. *v.* McNamara, 72 Pa. St., 278.
This court has again and again recognized the constitutionality
of the Stamp Acts, and has uniformly held that a want of an
adhesive stamp, where one is required, is a disqualification,
rendering the paper inadmissible as evidence : Cottrell's Adm'r
*v.* Spencer, 78 Pa. St., 303; Tripp *v.* Bishop, 56 Id., 424.
" Each party," says TRUNKEY, J., " was bound to see that
the stamp was affixed before delivery and receipt of the
note ": Merkel *v.* Marx, 42 Leg. Int., 337.

To admit the deed and receipt in evidence the court not
only disregarded these provisions of the statute, but decided
that the receipt, upon the face of it, without proof of hand-
writing, or that the money was paid, or of the authority of
Kline to give the receipt, was *primâ facie* evidence, and that
the court would take judicial notice of it. A state court will
not take notice of the practice of the several departments of

the Federal Government: Hensley v. Tarpey, 7 Cal., 288. Nor of federal executive Acts partaking of a private character: Dole v. Wilson, 16 Minn., 525. It will not take notice of regulations adopted by particular branches of the state service : Palmer v. Aldridge, 16 Barb., 131. A certificate of a mere matter of fact, not made evidence by statute, is inadmissible : 2 Phillips on Evid., 125. Hence the certificate of a British vice-consul of the amount of the proceeds of damaged goods was not evidence, although by the laws of the country the goods were to be sold under his inspection : Weldron v. Coombe, 3 Taunt., 162.

Courts will not take notice without proof of the seals of inferior courts, unless made cognizable by particular statutes : Starkie on Evid., 740.

2. The court took the case from the jury and directed them to find for the annual sum of $30 and interest. The sum was fixed arbitrarily by Mrs. Snyder, the defendant in error, and Leonard Frommer. They could not by any arrangement of their own cast unequal burdens on our tract. By receipting to Frommer annually in full for $150, she in effect released his tract from her annual claim, and threw the burden of the balance on Lerch's tract. If a formal release had been given she could have recovered from Lerch only upon the basis of a fair apportionment. And this apportionment can only be made by a jury: Ingersoll v. Sergeant, 1 Whart., 361.

John Rupp (Marcus C. L. Kline with him), for defendant in error.—1. That an action of assumpsit can be maintained against the assignee of land subject to such a charge for the principal thereof, or the interest thereon, has been many times decided by this court, though no personal judgment can be entered, but the judgment must be entered de terris : Pidcock v. Bye, 3 Rawle, 183 ; Shelly v. Shelly, 8 W. & S., 153 ; Dech v. Gluck, 11 Wright, 403; De Haven v. Bartholomew, 7 P. F. S., 126. And a sheriff's sale does not divest such a charge : Cowden's Estate, 1 Barr, 267 ; Dewalt's Appeal, 8 Harris, 236. The charge standing in the line of the vendee's title, he is bound to take notice thereof, although the deed containing the charge be not recorded : Ogden v. Porterfield, 8 Casey, 191 ; Beidelman v. Foulk, 5 Watts, 308; Steckel et al. v. Desh, 12 W. N. C., 130. Nor can the statute of limitations be pleaded thereto, it being matter of record: De Haven v. Bartholomew, supra ; Davis v. Shoemaker, 1 Rawle, 135.

2. In the case of Miller v. Wentworth, 1 Norris, 280, it is said in the opinion of Chief Justice AGNEW: "The United States having repealed the stamp duties, and having shown an intention to relieve the citizens from the duty altogether in

the future, we cannot suppose that the past requires the application of stringent rules, but that a just, fair and substantial compliance with the duty ought to be sufficient performance.

: After all, the purpose of the Act of Congress preventing an unstamped instrument to be offered in evidence was simply to enforce the payment of the tax. As was said by Mr. Justice AGNEW in Turnpike Co. *v.* McNamara, 22 P. F. S., 278, " Thus the purpose is plain, to prevent the use of the unstamped paper so long as it remains without payment of the tax or duty upon it. This is simply a disqualification of the instrument in the hands of the delinquent until he pays the tax."

After the tax upon the very instrument is paid, then the object of the law has been complied with and the paper becomes admissible in evidence.

3. Courts will take judicial notice of the seals of such subordinate executive officers as are entitled to use seals: People *v.* John, 22 Mich., 461. And of the seal of any public office established by law and required or known to have a seal: Greenleaf on Evidence, Vol. I, sec. 503. And courts will take judicial notice of the signatures of county officers and their deputies authorized by law: Himmelman *v.* Hoadley, 44 Cal., 213. And of the seal of a Notary Public: United States *v.* Wiggin, 14 Peters, 384. Where handwriting and not a seal is used to attest the genuineness of the acts of a public officer, courts take judicial notice thereof: Wharton on Evidence, Vol. I, sec. 322.

4. The plaintiff below by accepting a part of the interest from Frommer did not thereby release him from the balance. But even if she had expressly released him from the whole of the interest that would not have affected the liability of the defendants: Jones' Appeal, 14 W. N. C., 313.

And to the same effect are Riegart *et al. v.* Ellmaker, 14 S. & R., 121, and Crawford *v.* Crawford, 2 Watts, 339.

Mr. Justice STERRETT delivered the opinion of the court, March 1st, 1886.

It is contended that the deed of April 2d, 1866, from plaintiff below and others, conveying the land therein described to Nathan Snyder subject to an annuity, in her favor, of one hundred and fifty dollars, in the nature of dower, etc., was improperly received in evidence, because it was not fully stamped as required by the Act of Congress. The learned judge thought there had been a substantial compliance with the Act, so far at least as the plaintiff below was concerned; that the government had received the full price of the additional stamp, together with the penalty for omitting to affix it when the instrument was executed. In doing so he took judicial

[Lerch v. Snyder.]

notice of the receipt or acknowledgment indorsed on the deed by the deputy collector of Internal Revenue for the First District of Pennsylvania. The Act of Congress providing for the appointment of collectors and deputy collectors makes it their duty to collect, in their respective districts, all the taxes imposed by law, however the same may be designated, and to give receipts for all sums so collected. The collector is an officer of the general government, performing public duties in his district, including the county in which this case was tried. The court therefore might well take notice not only of his official character, but also of the official acts of himself and his deputy.

But, assuming that the learned judge was technically wrong in ruling as he did, wherein have the plaintiffs in error been prejudiced thereby? The judgment is not only *de terris* merely, but it is restricted to part of the land which the deed purports to convey, subject to the annuity in favor of plaintiff below. It is not even alleged that plaintiffs in error, or either of them, have any interest in the land bound by the judgment, except such as may have been acquired by *mesne* conveyances from Nathan Snyder, the vendee named in the deed in question. If they have any such interest, so far as we know it was acquired and is still held by them under that deed, and of course subject to the payment of the annuity therein provided for. If they have no interest in the land, they cannot be prejudiced by the judgment or sale of the land by virtue of an execution issued thereon. The judgment being strictly *de terris* it cannot affect either of the plaintiffs in error personally. As the case stands on the testimony before us, excluding entirely from consideration the deed referred to, neither of the plaintiffs has any interest in the land, and hence they cannot be prejudiced by the judgment *de terris*, restricted, as it is, to that particular piece of land. We never reverse a judgment or decree unless manifest error has intervened to the prejudice of the party or parties complaining.

The object of the penal provisions of the Stamp Act was to secure observance of its requirements, and the adjudications on the subject have had the same end in view; but now, since the Act is no longer in force, there is not the same necessity for insisting on a literal compliance with the form prescribed for supplying omissions. When it appears that parties, through whose mistake or omission an instrument has not been properly stamped when it should have been done, have paid the full price of the stamp, together with the penalty, and produce the collector's receipt therefor; in short, when all that is required of them has been done, it would be sticking in the bark to hold that, because the collector, whose duty

it is to do so, has not affixed a stamp and cancelled the same, the instrument should not be received in evidence.   So far as the party who has been in default is concerned, substantial compliance is all that should be insisted on.   More than that would be sacrificing substance to mere form, which is rarely ever promotive of justice.   The first specification of error is not sustained.   We fail to discover any error in the two remaining specifications.   So far as there is any testimony, as to the value of each portion of the tract on which the annuity is charged, the substance of it is that the relative value of the respective portions per acre is about the same.   The second and third specifications are therefore dismissed.

                                                    Judgment affirmed.